**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

WILLIE DAVIS,

                      Petitioner,

                                                      No. 03-CV-980
                                                       (LEK/DRH)

JOHN BEAVER,

                      Respondent.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

WILLIE DAVIS
Petitioner Pro Se
No. 01-B-1926
Orleans Correctional Facility
35-51 Gaines Basin Road
Albion, New York 14411

HON. ELIOT SPITZER                         PATRICK F. MacRAE, ESQ.
Attorney General for the                     Assistant Attorney General
  State of New York
Attorney for Respondent
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner pro se Willie Davis ("Davis") is currently an inmate in the custody of the New York State Department of Correctional Services (DOCS) at Orleans Correctional Facility. Davis pleaded guilty to two counts of third degree criminal sale of a controlled substance and one count of third degree criminal possession of a controlled substance in

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

Oswego County Court on March 19, and August 8, 2001. Davis was sentenced as a second felony offender to a total indeterminate term of seven to fourteen years imprisonment and is currently serving that sentence. Davis now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his pleas were not voluntary, that he was denied the effective assistance counsel, and that the sentence imposed was harsh and excessive. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

In January 2001, Davis was indicted on two counts of third degree criminal sale of a controlled substance, two counts of third degree criminal possession of a controlled substance, and two counts of second degree criminal use of drug paraphernalia in Oswego County Court. SR. 1-3.[2] On March 19, 2001, Davis pleaded guilty to two counts of third degree criminal possession of a controlled substance with a sentence recommendation of four and one-half to nine years imprisonment. SR. 20-23. The recommended sentence was not binding if Davis was arrested before sentencing and there was probable cause for the arrest. SR. 38. During the plea allocution, Davis admitted that he knowingly sold crack cocaine to two different persons on October 1 and 11, 2000. SR. 33-35. Davis was released on his own recognizance pending sentencing. SR. 38.

On April 27, 2001, prior to sentencing, Davis was arrested on charges of third degree criminal possession of a controlled substance, fifth degree criminal possession of a controlled substance, second degree use of drug paraphernalia, and second degree

---

[2] "SR." followed by a number refers to the state court records of Davis' case filed by respondent with his answer. Docket No. 7.

2

obstructing governmental administration. SR. 42. In light of the new arrest, the district attorney requested that the court reconsider the sentencing recommendation and sentence Davis to twelve and one-half to twenty-five years imprisonment in satisfaction of all pending charges. SR. 42-43. The court scheduled an Outley[3] hearing to determine if there was probable cause for the second arrest. SR. 51-52.

On August 8, 2001, prior to the completion of the Outley hearing, a plea agreement was made whereby Davis would plead guilty to two counts of third degree criminal sale of a controlled substance and one count of third degree criminal possession of a controlled substance with a sentence recommendation of seven to fourteen years imprisonment in satisfaction of all pending charges. SR. 70. Davis accepted the plea agreement and was sentenced to an indeterminate term of seven to fourteen years imprisonment to run concurrently with the sentence of four and one-half to nine years on the first indictment. SR. 94-95. Davis admitted that he knowingly and unlawfully possessed crack cocaine on April 27, 2001. SR. 82.

The Appellate Division affirmed Davis' conviction and sentence. People v. Davis, 302 A.D.2d 973 (4th Dep't 2003). Application for leave to appeal to the New York Court of Appeals was denied on May 27, 2003. People v. Davis, 100 N.Y.2d 537 (2003). This action followed.

---

[3] People v. Outley, 80 N.Y.2d 702, 713 (1993) (holding that a defendant must be afforded an opportunity to show that there was no basis for a post-plea arrest).

## II. Discussion

## A. Exhaustion

As a threshold matter, respondent contends that Davis has failed to exhaust his state court remedies with regard to his claim that his August 8, 2001 plea was not voluntary. An application for a writ of habeas corpus may not be granted until the prisoner has exhausted all remedies available in state court unless there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b) (Supp. 2002). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any constitutional claims to the state courts. Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).

To "fairly present" a constitutional claim, a claim must be asserted such that the state court has notice and an opportunity to consider and correct the asserted constitutional defect. While the claim need not recite chapter and verse of the Constitution, it must inform the state of a specific factual and legal basis for the claim and "call to mind a specific right protected by the Constitution." Daye v. Attorney Gen. of New York, 696 F.2d 186, 191-94 (2d Cir. 1982).

On direct appeal, Davis claimed that his guilty plea was not properly entered. While respondent contends that this claim pertains only to the first plea, it appears that Davis' brief cites to both plea colloquies in the record. SR. 162-63. Davis' appeal challenged both

4

the crimes charged in the indictment and in the superior court information. SR. 162. In addition, the Appellate Division rejected Davis' claims on "both pleas of guilty," thus indicating that Davis did in fact challenge both guilty pleas on direct appeal. Therefore, Davis exhausted his state court remedies and respondent's argument on this ground should be rejected.

### B. Independent and Adequate State Ground

Respondent also contends that Davis' challenge to his plea is procedurally barred. A federal habeas court is precluded from reviewing a petition if the state court's rejection of the argument rests on "independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 736 (1991); Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000). This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar. Harris v. Reed, 489 U.S. 255, 262 (1989); Jones, 229 F.3d at 118.

Here, the Appellate Division rejected Davis' contentions regarding his guilty pleas on the ground that Davis had waived his right to appeal this issue. SR. 203-04. The court held that Davis failed to move to withdraw his plea or to vacate his judgment and thus, failed to preserve this issue for review. SR. 204. To preserve a challenge to a plea allocution, there must have been a motion to withdraw the plea or a motion to vacate the judgment of conviction. People v. Lopez, 71 N.Y.2d 662, 665-66 (1988). Davis' failure to preserve these issues constitutes an independent and adequate state ground. See Snitzel v. Murry, No. 01-CV-6274, 2004 WL 1498185, at *11-12 (W.D.N.Y. July 6, 2004).

Two exceptions exist which permit a review of a claim otherwise procedurally barred. First, review may occur if a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999). "Cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court," Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 127 (2d Cir. 1995), or that the basis for a claim was not reasonably available to counsel. Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). Where, as here, no cause has been demonstrated, a court need not determine whether a petitioner suffered actual prejudice. Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985).

Second, a procedural default may be excused if a petitioner demonstrates that the failure to consider the claim would result in a "fundamental miscarriage of justice," a standard which requires a petitioner to show that he is "actually innocent." Lebron v. Mann, 40 F.3d 561, 564 (2d Cir. 1994). As Davis makes no assertion as to his innocence or cause for the default, and as neither otherwise appears from the record, neither exception applies.

Therefore, the petition on this ground should be denied as procedurally barred.

### C. Guilty Pleas

Davis contends that his guilty pleas were not voluntarily made. Respondent contends that both pleas were knowing and voluntarily made.

A court will not overturn a guilty plea on due process grounds if it was an intelligent and voluntary choice of a defendant who was aware of all the alternative courses of action.

6

Hill v. Lockhart, 474 U.S. 52, 56 (1985); Willbright v. Smith, 745 F.2d 779, 779-80 (2d Cir. 1984). Only if the "consensual character of the plea is called into question" may the validity of a guilty plea be impeached. Mabry v. Johnson, 467 U.S. 504, 508 (1984). Thus, a habeas petitioner may only challenge his guilty plea on the grounds that it was not entered into knowingly, intelligently, or voluntarily. Hill, 474 U.S. at 56; North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Whether a plea is voluntary must be determined by examining all relevant circumstances, including the possibility of a longer sentence after a jury's guilty verdict, the defendant's previous experience with the criminal justice system, and whether the court explained to the defendant all options and consequences of a guilty plea. Alford, 400 U.S. at 31; Magee v. Romano, 799 F. Supp. 296, 300 (E.D.N.Y. 1992). Additionally, voluntary means that the decision to accept the offer was not the product of actual or threatened physical harm, mental coercion, or the defendant's sheer inability to weigh his options rationally. Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988). The "commonplace" feeling of being "coerced" is not a valid ground for reversing a plea and a feeling of duress is a usual result of plea bargaining. United States v. Juncal, 245 F.3d 166, 174 (2d Cir. 2001).

Davis contends that he did not specifically recite the facts underlying the crimes to which he pleaded, that he expressed uncertainty and confusion during the plea allocution, and that he did not have sufficient time to consult with his appointed attorney. During the first plea allocution, when the court asked if Davis had enough time to consult with his attorney before deciding to enter a plea of guilty, Davis answered no. SR. 26. However, Davis proceeded with the remainder of the allocution and did not request additional time to

review the plea agreement with his attorney. Davis then indicated that he understood the implications of his guilty plea and that he was giving up the right to trial by jury and the right to appeal. SR. 26-31.

The court additionally made certain that Davis was not under the influence of drugs or alcohol and was not threatened, forced, or coerced to plead guilty. SR. 27-31. When the court questioned Davis as to his physical and mental health, Davis stated that he was nervous but that he felt normal. SR. 27. Davis admitted that he sold crack cocaine, added that he knew it was wrong, identified the street were the sale took place, and admitted that he did so knowingly. SR. 33. The court therefore sufficiently apprised Davis of the nature of the plea and the record shows that Davis' voluntarily entered his plea, and sufficiently recited the facts of the underlying crimes.

As to the second plea allocution, Davis indicated that he understood the nature of the agreement and that he would be pleading guilty to one count of third degree criminal possession of a controlled substance in satisfaction of a superior court information. SR. 74-75. Davis stated that he understood the implications of the plea agreement and the rights which he was waiving. SR. 76-83. Davis stated that he had sufficient time to consult with his attorney, admitted that he had seen a psychiatrist in the past but was not then being treated, and that he was in good physical and mental health. SR. 76-78. Davis admitted that he knowingly and unlawfully possessed crack cocaine on the date in question and identified the address involved. SR. 82.

There was no indication in the record that Davis' plea on either occasion was not voluntary or intelligently given. Davis sufficiently stated facts as to the underlying crimes. Giving affirmative responses to the court's questions does not render a plea involuntary.

8

Davis received a favorable sentence, there was a possibility of a longer sentence after a jury's verdict, Davis had prior convictions and thus prior experience with the criminal justice system, and the court properly notified Davis of all options and consequences of a guilty plea.

Therefore, the petition on this ground should be denied.

### D. Ineffective Assistance of Counsel

Davis contends that he was deprived of the effective assistance of counsel because his attorney failed to proceed with the Outley hearing and that he was not given sufficient time to consult with his attorney about whether to proceed with the hearing. Respondent contends that Davis received the effective assistance of counsel.

To establish ineffective assistance of counsel, a petitioner must satisfy a two-prong test: (1) counsel's performance was deficient, and (2) this deficiency prejudiced the petitioner's defense. See United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)). To satisfy the first prong, a court must ask "whether defense counsel's actions were objectively reasonable considering all the circumstances." Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000). This inquiry requires a court to be "highly deferential" to counsel's performance. Strickland, 466 U.S. at 689. Moreover, there is a strong presumption that counsel's conduct at trial was reasonable and that any challenged conduct might be considered sound trial strategy. Kiesser v. New York, 56 F.3d 16, 18 (2d Cir. 1995) (per curiam) (internal quotations omitted); see also Maddox v. Lord, 818 F.2d 1058, 1061 (2d Cir. 1987).

9

To satisfy the second prong, a court must determine whether there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different. McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Here, an Outley hearing was scheduled to determine if there was probable cause for Davis' second arrest. If there was a finding of probable cause for Davis' arrest, the sentence recommendation for the first plea was not binding. The hearing commenced on August 8, 2001. SR. 57-58. However, during the hearing, plea negotiations were held and Davis' counsel negotiated a favorable plea which included the four and one-half to nine years imprisonment on the first plea to run concurrently with a sentence of seven to fourteen years on the second arrest. SR. 68. Davis accepted this plea and admitted that he was satisfied with the representation of his counsel. SR. 77-78. Therefore, the Outley hearing was not necessary because the matter was resolved by the acceptance of the plea, and counsel's failure to proceed does not rise to the level of ineffective assistance of counsel.

In addition, Davis indicated that he understood that he waived his right to the hearing. SR. 16. Davis' counsel negotiated a favorable sentence. The sentence requested by the district attorney was twelve and one-half to twenty years imprisonment on the first indictment, and Davis could have received an additional sentence on the subsequent charges. The transcript here reveals that Davis' attorney zealously argued on his behalf and was efficient in all other respects. There is no showing that counsel's performance was deficient in any manner.

Therefore, the petition on this ground should be denied.

10

**E. Harsh and Excessive Sentence**

Davis contends that his sentence was harsh and excessive. Respondent contends that Davis fails to demonstrate that his sentence was constitutionally defective.

Relief under 28 U.S.C. § 2254 is available to correct constitutional errors or violations of federal law, thus limiting review to determinations of whether convictions violate the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a) (1994); Estelle v. McGuire, 502 U.S. 62, 68 (1991). It is not the "province of a federal habeas court to reexamine state-court determinations on state-law questions" unless a constitutional violation has occurred. Estelle, 502 U.S. at 67-68. If a sentence imposed by a state court is within the limits set by statute, there is no ground for habeas relief. Townsend v. Burke, 334 U.S. 736, 741 (1948). There is no federal constitutional due process violation when the sentence imposed was within the statutory range even if prior arrests are considered. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); Dorsey v. Irvin, 56 F.3d 425, 427 (2d Cir. 1995).

Here, Davis pleaded guilty to two counts of third degree criminal sale of a controlled substance and one count of criminal possession of a controlled substance. The offenses are Class B felonies. See N.Y. Penal Law §§ 220.16, 220.39. The maximum sentence for a class B felony is twenty-five years imprisonment. N.Y. Penal Law § 70.02. Even without considering Davis' status as a second felony offender, Davis' total sentence to an indeterminate term of seven to fourteen years imprisonment was well within the statutory range. In addition, Davis' contention that had he received an Outley hearing, his sentence would have been less and he would not have entered a guilty plea is meritless.

Therefore, the petition on this ground should be denied.

11

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:  May 3, 2005
       Albany, New York

_David R. Homer_
United States Magistrate Judge